# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

———————————————

INTERNATIONAL BROTHERHOOD
OF TEAMSTERS, LOCAL UNION 492,

      Plaintiff,

vs.                                     1:22-cv-00520-KWR-LF

SYSCO NEW MEXICO, LLC,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court upon Plaintiff's Motion for Summary Judgment (Doc. 18) and Defendant's Motion for Summary Judgment (Doc. 19). Having reviewed the pleadings and the relevant law, the Court finds that Plaintiff's motion is not well taken, and therefore, is **DENIED** and that Defendant's motion is well taken, and therefore, is **GRANTED**.

## BACKGROUND

This is an action brought by Plaintiff for confirmation and enforcement of an arbitration award. Plaintiff asserts that this Court has jurisdiction over the matter pursuant to § 301 of the Labor Management Relations Act, as amended, 29 U.S.C. § 185.

As set forth in the complaint, Plaintiff seeks that the Court 1) enter a judgment declaring that Defendant is obligated to comply with the Arbitrator's award, and that the Defendant has breached its obligation in failing and refusing to do so; 2) enter an order directing Defendant to comply with the award; 3) find that the cost of this action be taxed against the Defendant; 4) find that as part of these cost there be included a reasonable attorney fee for Local 492 for having had to file this complaint, and 5) grant such other and further relief as the Court deems just and proper. The parties have now filed cross-motions for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it could have an effect on the outcome of the suit. *See Smothers v. Solvay Chemicals, Inc.*, 740 F.3d 530, 538 (10th Cir. 2014). "A dispute over a material fact is genuine if a rational jury could find in favor of the nonmoving party on the evidence presented." *Id.* (quoting *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1215 (10th Cir. 2013)).

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Shapolia v. Los Alamos Nat. Lab'y*, 992 F.2d 1033, 1036 (10th Cir. 1993). Once the moving party meets its initial burden, the non-movant cannot "rest on the pleadings[,] but must set forth specific facts by reference to affidavits, deposition transcripts, or other exhibits to support the claim." *See Serna v. Colorado Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial," and the moving party will be entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

On summary judgment, a court is to view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *See Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007). A court cannot weigh the evidence and determine the truth of the matter, but instead, must determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

In analyzing cross-motions for summary judgment, a court "must view each motion separately, in the light most favorable to the non-moving party, and draw all reasonable

inferences in that party's favor." *United States v. Supreme Court of New Mexico*, 839 F.3d 888, 906-07 (10th Cir. 2016). "Cross motions for summary judgment are to be treated separately; the denial of one does not require the grant of another." *Christian Heritage Acad. v. Okla. Secondary Sch. Activities Ass'n,* 483 F.3d 1025, 1030 (10th Cir. 2007).

**UNDISPUTED MATERIAL FACTS[1]**

Defendant is an "employer" and Plaintiff is a "labor organization" under the Labor Management Relations Act and the National Labor Relations Act. Undisputed Material Fact ("UMF") 1, 3, Doc. 19. Plaintiff and Defendant were parties to a Collective Bargaining Agreement ("CBA"), effective April 27, 2019, through April 30, 2025. UMF 1, Doc. 18; UMF 5, Doc. 18.

On or about March 22, 2020, the Governor of New Mexico declared a state of emergency due to the COVID-19 pandemic and Defendant's customer orders declined. UMF 6, Doc. 19. On or about March 27, 2020, Defendant, with Plaintiff's consent, conducted layoffs and furlough to address the financial shortfall. UMF 17, Doc. 19. In addition, Defendant, without Plaintiff's consent, reduced customer delivery schedule from six days per week to four days per week and sent employees home at the completion of work, which resulted in employees working less than 40 hours per week. UMF 4, Doc. 18; UMF 7, 8, Doc. 19.

On April 3, 2020, Plaintiff filed a class-action grievance ("Grievance") under Article 7.2 of the CBA for failure to pay the minimum 40 hours of wages for each employee for each week worked and reinstate any hours taken from employees' PTO, vacation, or sick banks to fulfill the 40 hours. UMF 4, Doc. 18; UMF 8, Doc. 19. Article 7.2. states: "All employees shall be

---

[1] The Court has determined the relevant facts based on the parties' submissions, while omitting extraneous detail, party arguments, and facts not supported by the record. Plaintiff's asserted material facts are largely admitted by Defendant, and Defendant's asserted material facts are largely admitted by Plaintiff.

3

guaranteed forty (40) hours of work in each non-holiday work week." UMF 5, Doc. 18; UMF 8, Doc. 19. From April 3, 2020 to December 31, 2020, Defendant paid employees an additional $25.00 for every day that they appeared to work. UMF 9, Doc. 19.

A hearing was held before Arbitrator Norman Bennett ("Arbitrator") in Albuquerque, New Mexico, on March 26, 2021, and the parties submitted closing briefs on May 24, 2021. UMF 6, Doc. 18; UMF 10, 12, Doc. 19. The Arbitrator determined that Defendant had failed in its obligations to abide to Article 7.2. of the CBA. UMF 7, Doc. 18; UMF 13, Doc. 19. On August 9, 2021, the Arbitrator issued an award:

> The grievances are sustained. Employees not on layoff or furlough status will be paid under the 40-hour minimum provisions from the last week in March 2020 to the last week in December 2020. Jurisdiction is retained in the event a dispute arises as to the amount of back pay for any qualifying employee.

Doc. 1-1 at 5.

On November 24, 2021, the Union submitted to the Arbitrator a Motion for Clarification of Award ("Motion for Clarification"). UMF 15, Doc. 19. The Motion for Clarification asked the Arbitrator to "Clarify the Award to advise the parties that no offsets to the difference between hours actually paid and the 40-hour minimum shall be allowed." *Id*. On November 24, 2021, Defendant emailed the Arbitrator in response to Plaintiff's Motion for Clarification, requesting the Arbitrator set a remedy hearing to address the back pay dispute. UMF 16, Doc. 19. On December 3, 2021, Plaintiff emailed the Arbitrator requesting available hearing dates. UMF 17, Doc. 19. On January 9, 2022, Plaintiff emailed the Arbitrator again requesting available hearing dates. UMF 18; Doc. 19. On January 24, 2022, Plaintiff emailed the Arbitrator asking, "Would you please provide the parties with your soonest-available dates for a hearing to address the

remedy and the Union's post-hearing motion in this matter?" UMF 19, Doc. 19. On February 10, 2022, Plaintiff emailed the Arbitrator stating, "The Union seeks a ruling and/or dates for a hearing on the Union's Motion to enforce regarding the remedy you awarded in this matter. This affects the calculation for the back pay for the bargaining unit." UMF 20, Doc. 19. On February 10, 2022, Defendant emailed the Arbitrator and stated, "We have not responded to the motion because we understood further hearing dates would be set. We can address at your convenience Arbitrator." UMF 21, Doc. 19.

On February 14. 2022, the Arbitrator emailed the parties, "I intend to issue an opinion regarding the Union's motion this week. . . Further, this will invite comments from either party regarding whether the doctrine of functus officio is applicable. Under that doctrine, an arbitrator is barred from correcting or clarifying an award, except for clerical, typographical, or computational errors." UMF 22, Doc. 19. Plaintiff resent their Motion for Clarification and requested a hearing, and Defendant requested an opportunity to file an opposition. UMF 23-24, Doc. 19 The Arbitrator granted Defendant's request. UMF 25, Doc. 19. On February 21, 2022, Defendant submitted their Opposition to Union's Motion for Clarification of the Arbitrator and Plaintiff submitted a Brief on the Question of Functus Officio, asserting that it does not apply in the instant matter. UMF 26-27, Doc. 19.

On April 20, 2022, Plaintiff emailed the Arbitrator to follow up on the completed briefing, and the Arbitrator responded, "Have been in hearings. Will get back to you early next." UMF 28-29, Doc. 19. On June 6, 2022, Plaintiff emailed the Arbitrator to follow up again on the completed briefing, and on June 25, 2022, the Arbitrator responded, "Intend to work on the case over the weekend and get something to you on Monday." UMF 14, Doc. 18; UMF 30-31, Doc. 19. On July 7, 2022, Plaintiff emailed the Arbitrator, "Our office received several emails from

you last week indicating your Decision would be forth coming and asking for confirmation as to who should receive it. We look forward receiving it soon." UMF 32, Doc. 19. The Arbitrator has not issued any clarification of the award. UMF 13, Doc. 18; UMF 33, Doc. 19.

## DISCUSSION

Plaintiff argues that Defendant has not complied with the award and that the Arbitrator has not continued his jurisdiction. Doc. 18 at 7-9. Therefore, the Court should enforce the arbitration award. *Id.* Defendant argues that the award is ambiguous, and thus, the Court should remand the matter back to the Arbitrator. Doc. 19 at 15. Plaintiff argues that the award is unambiguous and that the Court should enforce the award. Doc. 21 at 6-7. The Court finds that the award is ambiguous and finds it appropriate to remand this matter back to the arbitrator.

**I.      The Court finds the award ambiguous and remands the matter back to the arbitrator.**

Under the Federal Labor-Management Relations Act of 1947, courts have an extremely limited role in resolving labor disputes. *See United Paperworkers International Union v. Misco*, 484 U.S. 29, 36, 108 S. Ct. 364, 370, 98 L.Ed.2d 286 (1987). The standard of review of arbitral awards is among the narrowest known to the law. *See Litvak Packing Co. v. United Food & Commercial Workers, Local Union No. 7*, 886 F.2d 275, 276 (10th Cir .1989); *see also International Broth. of Elec. Workers, Local Union No. 611, AFL–CIO v. Public Service Co. of New Mexico*, 980 F.2d 616, 618 (10th Cir.1992). The arbitrator's decision will be enforced if it draws its essence from the parties' collective bargaining agreement and is not merely the arbitrator's own brand of industrial justice. *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960). Courts are not authorized to reconsider the merits of an award even though the parties may allege the award rests on errors of fact or misinterpretations

6

of the parties' agreement. *Misco,* 484 U.S. at 36; *Cal–Circuit ABCO, Inc. v. Solbourne Computer, Inc.,* 848 F.Supp. 1506, 1510 (D.Colo.1994). As a result, "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *Misco,* 484 U.S. at 38.

Where the award is ambiguous, "[c]ourts have uniformly stated that a remand to the arbitration panel is appropriate." *U.S. Energy Corp. v. Nukem, Inc.,* 400 F.3d 822, 831 (10th Cir. 2005) (quoting *Colonial Penn Ins. Co. v. Omaha Indem. Co.,* 943 F.2d 327, 334 (3d Cir. 1991)); see also *Mutual Fire, Marine & Inland Ins. Co. v. Norad Reinsurance Co.,* 868 F.2d 52, 58 (3d Cir.1989) (stating "[a] district court itself should not clarify an ambiguous arbitration award but should remand it to the arbitration panel for clarification"); *Bell Aerospace Co. Div. of Textron, Inc. v. Local 516,* 500 F.2d 921, 923 (2d Cir.1974) (stating "[c]onstruing ambiguous provisions of an arbitration award is the proper province of the arbitrator, not the courts"); *La Vale Plaza Inc. v. R.S. Noonan, Inc.,* 378 F.2d 569, 573 (3d Cir. 1967); *Americas Ins. Co. v. Seagull Compania Naviera, S.A.,* 774 F.2d 64, 67 (2d Cir.1985); *Island Creek Coal Sales Co. v. City of Gainesville,* 764 F.2d 437, 440 (6th Cir.), *cert. denied,* 474 U.S. 948, 106 S.Ct. 346, 88 L.Ed.2d 293 (1985). When there is more than one reasonable interpretation of an arbitration award, a remand for clarification is appropriate. *U.S. Energy,* 400 F.3d at 831. "Such remands, however, are to be used sparingly in order not to thwart the interest of achieving finality." *Id.*

Here, the Defendant does not seek to vacate the award, and thus the Court does not need to determine whether the decision draws from the essence of the CBA. Instead, Defendant argues that the award is ambiguous and should be remanded to the Arbitrator to clarify. Doc. 19 at 15.

Plaintiff argues that the award is unambiguous and thus, the Court has jurisdiction to enforce the award. Doc. 21 at 6-7.

The award states that "[e]mployees not on layoff or furlough status will be paid under the 40 hour minimum provision from the last week in March 2020 to the last week in December 2020." Doc. 1-1 at 5. Plaintiff argues that this requires Defendant to reimburse the difference between the hours paid and the full 40 hours per week. Doc. 18 at 7. Defendant argues that it paid employees over and above their hourly earnings and seeks to reimburse the difference between the actual amount compensated per week and the 40 hour per week. Doc. 19 at 5. Article 7 of the CBA states "All employees shall be guaranteed forty (40) hours of work in each non-holiday work week." Doc. 1-2 at 5. While it is clear in the award that employees are entitled to 40 hours pay, the Court finds that the amount of backpay is ambiguous.

The Court finds that the amount of backpay could be reasonably interpreted as "employees should be paid the difference between the hours paid and the 40-hours minimum" or "employees should be paid the difference between the actual amount compensated in each given week and the 40-hour minimum." "[O]ur role is not one of interpretation." *U.S. Energy,* 400 F.3d at 831. Because there is more than one reasonable interpretation of the arbitration award, the Court finds a remand for clarification is appropriate

Plaintiff argues that Defendant seeks to include offset in the award. Doc. 21 at 8. While the Tenth Circuit has not directly addressed the issue of offsets, other Circuits are in consensus that when an award is silent on offsets or mitigations, no offsets or mitigations were intended. *See Automobile Mechanics Local 701 v. Joe Mitchel Buick, Inc.*, 930 F.2d 576, 578 (7th Cir. 1991); *International Union of Operating Engineers, Local 841 v. Murphy Co.*, 82 F.3d 185, 189 (7th Cir. 1996); *Brown v. Witco Corp.*, 340 F.3d 209, 216 (5th Cir. 2003); *International*

*Chemical Workers v. Columbian Chemicals*, 331 F.3d 491, 498 (5th Cir. 2003). However, in those cases, employees were wrongfully terminated, and the company sought offsets for *outside* compensation or failure to mitigate. *Id*. Defendant does not seek to offset for outside compensation or failure to mitigate. Instead, Defendant seeks to include the total amount Defendant, not an outside entity, has already paid employees. The issue here goes directly to the interpretation of the arbitrator's award and how to calculate the amount owed – based on hours paid or total compensation paid to employees.

   Furthermore, the parties also did not address the issue of back pay during the underlying arbitration. The arbitration was whether Defendant was required to maintain the 40-hour guaranteed work per week during the COVID-19 pandemic. Back pay was not discussed by the parties until after the issuing of the award, and as a result of said discussions, on November 24, 2021, Plaintiff filed their Motion for Clarification to the Arbitrator to clarify the award. UMF 15, Doc. 19; Doc. 19-1 at 9. Additionally, the Arbitrator specifically retained jurisdiction "in an event a dispute arises as to the amount of backpay for any qualifying employee." Doc. 1-2 at 5. As such, the Arbitrator anticipated an issue with the amount of backpay may arise and retained jurisdiction. *Cf United Elec., Radio & Mach. Workers of Am. v. Gen. Elec. Co.,* No. CV 18-330-E, 2020 WL 1542375, at *4 (W.D. Pa. Mar. 31, 2020) (holding that the arbitrator did not intend offsets because the arbitrator did not retain jurisdiction).

   An arbitration award requiring backpay but leaving the calculation of the amount of backpay to the parties, is considered final and enforceable. *See Enterprise Wheel,* 363 U.S. at 599 (enforcing arbitration award even though exact amount of backpay had not yet been calculated). "If the parties cannot agree on the amount of backpay, however, the normal course of action is to treat the award as ambiguous or incomplete and remand the dispute to the original

arbitrator to clarify the award." *Aluminum Brick & Glass Workers Int'l Union v. AAA Plumbing Pottery Corp.,* 991 F.2d 1545, 1549 (11th Cir. 1993). Because there are two reasonable interpretations of the award and the parties cannot agree on the amount of backpay, the Court finds the award ambiguous. Remanding the matter back to the Arbitrator is appropriate because clarification is necessary regarding the ambiguous award.

**II.    The Court finds that the doctrine of functus officio does not apply because the award is ambiguous.**

*Functus officio* is a "[l]atin term for "task performed" is shorthand for the common-law rule that, once an arbitrator has issued a final award and thus discharged his or her office, that arbitrator lacks any continuing power to revise the award or issue a new one." *Kennecott Utah Copper Corp. v. Becker*, 186 F.3d 1261, 1270 n4 (10th Cir. 1999) The *functus officio* doctrine bars an arbitrator from altering or adding to a final award. *See United Steelworkers of Am. v. Ideal Cement Co.,* 762 F.2d 837, 841 n. 3 (10th Cir.1985); *see also Kennecott Utah Copper Corp.,* 186 F.3d at 1270. However, under the *functus officio* doctrine, many courts have limited the doctrine to permit arbitrators to "correct mistakes, complete awards which were not final, and clarify ambiguities*." Ideal Cement*, 762 F.2d at 841 n. 3.

As discussed, the Court finds that the award is ambiguous and thus, the doctrine of *functus officio* does not apply. Plaintiff argues that the arbitrator no longer retains jurisdiction because he has failed to address Plaintiff's Motion for Clarification. However, the Arbitrator still retains jurisdiction to clarify ambiguities. *Id*; *Kennecott Utah Copper Corp.,* 186 F.3d at 1270. Plaintiff further argues that the Court has jurisdiction because the Court can modify or correct an award under 9 U.S.C. § 11. However, the Court cannot modify or correct an award if it affects the "merits of the controversy." 9 U.S.C. § 11. Here, the calculation of backpay directly affects

the amount of damages due to employees. Because the award is ambiguous, the doctrine of *functus officio* does not apply and the Arbitrator retains jurisdiction.

      For the above reasons, the Court denies Plaintiff's motion for summary judgment and grants Defendant's motion for summary judgment. The Court remands the matter back to the arbitrator to clarify the award.

      **IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 18) is **DENIED.**

      **IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Doc. 19) is **GRANTED**.

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE